UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------------

| | |
|---|---|
| Steven Max | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| -against- | **Case No:** |
| Gordon & Weinberg PC. | |
| Defendant. | |

-------------------------------------------------------------------------------

## COMPLAINT FOR VIOLATIONS
## OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.	This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.	This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3.	Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, Defendant operates within this District.

4. Plaintiff is a resident of the State of New Jersey. The debt alleged to be owed was incurred within the State of New Jersey.

5. Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the Defendant, sought to collect from plaintiff is a consumer debt.

6. Upon information and belief, Defendant is an active New Jersey business, which violated the FDCPA from within the State of New Jersey.

7. Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8. Defendant is thus a "Debt Collector" as that term is defined by § 1692(a)(6) of the FDCPA.

9. Defendant communicated with the Plaintiff in the form of a written notice by sending the communication to the plaintiff's attorney. Attached hereto as exhibit A is a copy of the communication. Said communication violates sections 1692g(a)(3).
.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and all consumers and their successors in interest (the "Class") who have received debt collection notices identical in all material respects to the one attached as Exhibit A. Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors,

employees, associates or partners of Defendant.

11. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

12. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices from the Defendant, which violate various provisions of the FDCPA.

13. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.

14. These common questions of law and fact include, without limitation:

   a. Whether the Defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § §1692g and 1692e.

   b. Whether Plaintiff and the Class have been injured by the defendant's conduct; and

   c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

15. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

16. Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

17. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

18. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights.

19. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

20. Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

21. Upon information and belief, the notice is a form notice sent by defendant to the plaintiff.

22. Collection letters, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

23. Section 1692g(a)(3) requires the debtor to make his dispute in writing. The language in the letter encourages the debtor to make his dispute orally and indicates that an oral dispute is valid.

24. Defendant violated § 1692e, by informing the consumer that he presently had a right to dispute the debt orally.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff and the class statutory damages;

c) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

d) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
       March 27, 2015

Plaintiff requests trial by jury on all issues so triable.

*s/Lawrence Katz*
Lawrence Katz
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile (516) 706-2404

CERTIFICATION PURSUANT TO LOCAL RULE 11.2

The undersigned attorney of record for plaintiff does hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

*s/Lawrence Katz*
Lawrence Katz

445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile (516) 706-2404