```
              UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| STEVEN MAX, | Civil No. 15-2202 (NLH/AMD) |
| Plaintiff, | |
| v. | OPINION |
| GORDON & WEINBERG P.C., | |
| Defendant. | |

**APPEARANCES**:

LAWRENCE KATZ
LAW OFFICES OF LAWRENCE KATZ
445 CENTRAL AVENUE SUITE 201
CEDARHURST, NY 11516
    On behalf of plaintiff

FREDERIC I. WEINBERG
JOHN P. UETZ
THE LAW OFFICES OF FREDERIC I. WEINBERG & ASSOCIATES, P.C.
375 E. ELM STREET
SUITE 210
CONSHOHOCKEN, PA 19428
    On behalf of defendant

**HILLMAN, District Judge**

Presently before the Court is the motion of defendant to dismiss plaintiff's putative class action claims for defendant's alleged violations of the Fair Debt Collection Practices Act. For the reasons expressed below, defendant's motion will be granted.

## BACKGROUND

Plaintiff, Steven Max, claims that defendant, Gordon & Weinberg, P.C., violated the Fair Debt Collection Practices Act

(FDCPA), 15 U.S.C. § 1962, et seq., when it sent plaintiff's attorney a notice regarding plaintiff's unpaid debt. Plaintiff claims that defendant did not comply with § 1962g(a)(3), which requires a debt collector to inform a debtor that he must dispute the debt in writing in order for the dispute to be valid. Plaintiff claims that defendant's notice improperly encouraged plaintiff to make his dispute of the debt orally, in violation of § 1692e, which prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Defendant has moved to dismiss plaintiff's complaint for his failure to state a claim for a § 1962g(a)(3) violation. Plaintiff has opposed defendant's motion.

## DISCUSSION

**A.   Jurisdiction**

This Court has jurisdiction over plaintiff's claims under 28 U.S.C. § 1331.

**B.   Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as

true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions'

3

. . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

   Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a

4

reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

    A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

**C.  Analysis**

The FDCPA is a strict liability statute.  15 U.S.C. § 1692k(a); Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 n.7 (3d Cir. 2011) ("The characterization of the FDCPA as a strict liability statute is generally accepted.").  The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692e.  The FDCPA prohibits "debt collector[s]" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Id.  A debt collector who violates the FDCPA is liable for actual damages sustained, as well as additional damages (called "statutory damages") as the court may allow, but not exceeding $1,000.  15 U.S.C. § 1692k.

Relevant to the case here, the provision governing a debt collector's notice of debt to the consumer provides:

a) Notice of debt; contents

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has

>     paid the debt, send the consumer a written notice
>     containing--(1) the amount of the debt;(2) the name of the
>     creditor to whom the debt is owed;(3) a statement that
>     unless the consumer, within thirty days after receipt of
>     the notice, disputes the validity of the debt, or any
>     portion thereof, the debt will be assumed to be valid by
>     the debt collector;(4) a statement that if the consumer
>     notifies the debt collector in writing within the thirty-
>     day period that the debt, or any portion thereof, is
>     disputed, the debt collector will obtain verification of
>     the debt or a copy of a judgment against the consumer and a
>     copy of such verification or judgment will be mailed to the
>     consumer by the debt collector; and (5) a statement that,
>     upon the consumer's written request within the thirty-day
>     period, the debt collector will provide the consumer with
>     the name and address of the original creditor, if different
>     from the current creditor.

15 U.S.C. § 1692g(a).  The debt validation provisions of § 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law.  <u>Wilson v. Quadramed Corp.</u>, 225 F.3d 350, 354 (3d Cir. 2000) (citation omitted).

    Plaintiff takes issue with defendant's collection letter with regard to the requirement that a consumer must dispute the debt in writing in order to be valid.  The letter states, in relevant part:

>     Unless this office hears from you within thirty (30) days
>     after receipt of this letter that you dispute the validity
>     of the debt, or any portion thereof, this office will
>     assume the debt is valid. If you notify this office in
>     writing within thirty (30) days of your receipt of this
>     letter that the debt or any portion thereof is disputed,
>     this office will obtain certification of the debt or, if
>     the debt is founded upon a judgment, a copy of the judgment

      will be obtained, and this office will mail to you a copy of such verification or judgment. Upon written request within thirty (30) days, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Docket No. 1-2.)

Plaintiff claims that the language, "unless this office hears from you," encourages the debtor to make his dispute orally, and indicates that an oral dispute is valid, in violation of § 1692g(a) and § 1692e. (Compl. ¶¶ 23, 24.) In its motion to dismiss, defendant has set forth the statutory language of § 1962g(a) side-by-side to the contents of its collection notice to show that it has not violated the FDCPA. The Court, having done the same, agrees with defendant that defendant's collection letter complies with § 1962g(a).

The first sentence of the collection letter mirrors subsection (3), the second sentence mirrors subsection (4), and the third sentence mirrors subsection (5), almost verbatim. Subsection (3) does not contain the phrase "in writing," but instead contains the phrase "unless the consumer . . . disputes the validity of the debt." The phrase in the first sentence of the letter, "Unless this office hears from you . . . that you dispute the validity of the debt," is substantially identical to the statutory language.

To the extent, as plaintiff contends, that a consumer could believe that the phrase "unless this office hears from you" permits the consumer to call the debt collector to dispute the validity of the debt, the remainder of the letter makes it clear that the consumer's dispute must be made in writing to constitute a valid challenge. When looking at the collection letter under the "least sophisticated debtor perspective" standard that must be applied to evaluating debt collection notices, see Wilson, 225 F.3d at 354 (citing Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991)), it is clear that defendant's letter provides an unsophisticated consumer the fullest notice of his rights as required by the FDCPA. Even the "least sophisticated debtor" is expected to read any notice in its entirety, and not simply stop at the first sentence in a paragraph. See Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 149 (3d Cir. 2013) (citations and quotations omitted) ("[T]he standard does not go so far as to provide solace to the willfully blind or non-observant. The debtor is still held to a quotient of reasonableness, a basic level of understanding, and a willingness to read with care, and the debt collector accordingly cannot be held liable for bizarre or idiosyncratic interpretations.").

9

Moreover, the consumer's rights under the FDCPA as set forth in defendant's collection letter are not overshadowed or obscured by other misleading information or formatting in the letter. See Caprio, 709 F.3d at 149 (citing Wilson, 225 F.3d at 354; Graziano, 950 F.2d at 111) (explaining that the well-established "least sophisticated debtor" standard is applied to determine whether or not the required validation notice was "overshadowed or contradicted" by other messages or notices from the debt collector). For example, in Caprio, the body of the one-page, double-sided "Collection Letter" consisted of the following four paragraphs:

> The health care provider(s) listed below, recently hired Healthcare Revenue Recovery Group, LLC (HRRG) to collect the balance on this account. Our client's records show you as the person responsible for payment of the charges for **PHYSICIAN SERVICES.**
>
> If we can answer any questions, or if you feel you do not owe this amount, **please call** us toll free at **800-984-9115** or write us at the above address. This is an attempt to collect a debt. Any information obtained will be used for that purpose. (NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.)
>
> You may send payment in full. Just fill in your credit card information on the reverse, or enclose your check/money order **payable to the creditor** along with the payment voucher below. The reply envelope provided needs no postage. Unless specified, your payment will be applied to the oldest balance first.
>
> We hope to have your full cooperation in this collection matter.

Caprio, 709 F.3d at 145 (emphasis in original).  The back side of the letter contained the § 1962g(a) validation notice in small font size:

> Pursuant to Sec. 809 of the Fair Debt Collection Practices Act, unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgement [sic] and mail you a copy of such judgement [sic] or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Id. at 146.  The Third Circuit found that "the Collection Letter was deceptive because it can be reasonably read to have two or more different meanings, one of which is inaccurate, i.e., that Caprio could dispute the debt by making a telephone call, . . . . [and that] the Validation Notice was overshadowed and contradicted because the 'least sophisticated debtor' would be uncertain as to her rights."  Id. at 152 (citations and quotations omitted).

In contrast, and more similar to the debt collection letter in this case, in Wilson, the body of the one-page letter contained three paragraphs, all of which were printed in the same-sized font:

11

> Our client has placed your account with us for immediate collection. We shall afford you the opportunity to pay this bill immediately and avoid further action against you.
>
> To insure immediate credit to your account, make your check or money order payable to ERI. Be sure to include the top portion of this statement and place your account number on your remittance.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

<u>Wilson</u>, 225 F.3d at 352.  The Third Circuit found that this collection letter did not violate § 1962g(a):

> We find that, contrary to Wilson's argument, the collection letter did not violate section 1692g of the Act for the reason that the first two paragraphs of the collection letter neither overshadow nor contradict the validation notice. First of all, upon review of the physical characteristics and form of the letter, we have concluded that the first two paragraphs of the letter do not overshadow the validation notice.  The validation notice was presented in the same font, size and color typeface as the first two paragraphs of the letter.  Moreover, the required notice was set forth on the front page of the letter immediately following the two paragraphs that Wilson contends overshadow and contradict the validation notice. Accordingly, Wilson's overshadowing claim must fail.
>
> Second, an actual or apparent contradiction between the first two paragraphs and the third one containing the validation notice does not exist here. Unlike the collection letter in <u>Graziano</u>, which demanded payment

>        within ten days and threatened immediate legal action if
>        payment was not made in that time, Quadramed's letter makes
>        no such demand or threat. Instead, Wilson is presented with
>        two options: (1) an opportunity to pay the debt immediately
>        and avoid further action, or (2) notify Quadramed within
>        thirty days after receiving the collection letter that he
>        disputes the validity of the debt. As written, the letter
>        does not emphasize one option over the other, or suggest
>        that Wilson forego the second option in favor of immediate
>        payment. Thus, we find the least sophisticated debtor would
>        not be induced to overlook his statutory right to dispute
>        the debt within thirty days.

Id. at 156; see also Hernandez v. Mercantile Adjustment Bureau, LLC, No. CIV.A. 13-843 JLL, 2013 WL 6178594, at *1 (D.N.J. Nov. 22, 2013) (in a case involving a validation notice almost identical to the instant matter (using "unless you notify this office" instead of "unless we hear from you"), the court rejecting plaintiff's contention that she was not informed that she must notify the debt collector in writing to effectively dispute the debt).

    In sum, the collection letter defendant sent to plaintiff[1]

---

[1] Even though the FDCPA is a strict liability statute that assesses violations based on the "least sophisticated consumer" standard, it is worth noting that defendant sent the collection letter to plaintiff's attorney, who is also plaintiff's attorney in this action.  It is also worth noting that there are no allegations in the complaint that plaintiff believed, by way of defendant's letter to his attorney, that he could simply telephone defendant in order to validly dispute the debt.  As the Ninth Circuit observed, under § 1692c(a)(2), a debt collector who knows how to contact a debtor's attorney must target all communications to the attorney, and not to the debtor himself: "The rationale behind this rule is clear.

13

adequately informed plaintiff of how to properly dispute the debt in compliance with the requirements of the FDCPA. Consequently, plaintiff has failed to state a valid claim that defendant violated the FDCPA.

## CONCLUSION

For the reasons expressed above, defendant's motion to dismiss plaintiff's complaint must be granted. An appropriate Order will be entered.

Date: __February 8, 2016__          __s/ Noel L. Hillman__
At Camden, New Jersey              Noel L. Hillman, U.S.D.J.

---

Unsophisticated consumers are easily bullied and misled. Trained attorneys are not." Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 935 (9th Cir. 2007). The Ninth Circuit determined, "[C]ommunications directed only to a debtor's attorney, and unaccompanied by any threat to contact the debtor, are not actionable under the Act." Id. at 936; see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 617 (2010) (Kennedy, J., dissenting, joined by Alito, J.) ("Today's holding gives new impetus to this already troubling dynamic of allowing certain actors in the system to spin even good-faith, technical violations of federal law into lucrative litigation, if not for themselves then for the attorneys who conceive of the suit. See Federal Home Loan Mortgage Corp. v. Lamar, 503 F.3d 504, 513 (6th Cir. 2007) (referring to the "cottage industry" of litigation that has arisen out of the FDCPA)); cf. Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011) (observing generally that if a debt collector's "unfair or unconscionable" efforts to collect a debt could escape FDCPA liability simply because that communication was directed to a consumer's attorney, it would undermine the deterrent effect of strict liability).